**Joseph G. ARCO, Petitioner-Appellant,**

v.

**Dr. Pasquale CICCONE, Warden, Springfield Prison, Respondent-Appellee.**

**No. 17279.**

United States Court of Appeals
Sixth Circuit.

July 5, 1967.

Joseph G. Arco, in pro. per.

Harold D. Beaton, U. S. Atty., Grand Rapids, Mich., on brief, for appellee.

Before WEICK, Chief Judge, O'SULLIVAN, Circuit Judge, and CECIL, Senior Circuit Judge.

PER CURIAM.

Appellant Arco was charged in the United States District Court with mailing obscene letters to the President of the United States, in violation of 18 U.S. C. § 1463. Counsel was appointed for him pursuant to an order of the Court, and he was given a psychiatric examination to determine his mental capacity. The psychiatrist reported to the Court that Appellant was insane and so mentally incompetent as to be unable to assist in his defense. The Court, after hearing, ordered him committed to the custody of the Attorney General until he should become mentally competent to stand trial or until the charges pending against him had been resolved. Arco was subsequently committed to the United States Medical Center at Springfield, Missouri, where he is presently confined. 18 U.S.C. § 4246.

Appellant filed a motion to vacate his commitment, which was denied by the District Court.

2. Murray v. State, 131 So.2d 292, 294 (Fla.App.1966).

Appellant also filed a petition for a writ of habeas corpus in the District Court, which was heard on January 24, 1966 and April 9, 1966. The record shows that writs of habeas corpus ad testificandum were issued for Arco returnable on said dates. The Government filed with its brief in this Court reports of psychiatric examinations made of Arco at Springfield on June 7, 13, 29 and 30, 1965, which indicate classification of him as "OOO-X24 Schizophrenic reaction paranoid type."

No transcript of the hearings held in the District Court has been filed and we have nothing before us to exhibit any error in the proceedings and judgment of the Court.

It is therefore ordered that the judgment of the District Court be affirmed.